1  **KINGSLEY & KINGSLEY, APC**
   **George R. Kingsley, Esq. - SBN 38022**
2  **Email: *gkingsley@kingsleykingsley.com***
   **16133 Ventura Boulevard, Suite 1200**
3  **Encino, California 91436**
   **Tel (818) 990-8300; Fax(818) 990-2903**
4
   **Attorney for Plaintiff**
5

6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11  SHARON STEINER,                    )        CASE NO.
                                       )
12              Plaintiff,             )        **COMPLAINT FOR DAMAGES**
                                       )        **UNDER THE EMPLOYEE**
13          v.                         )        **RETIREMENT SECURITY ACT**
                                       )
14  LIBERTY LIFE ASSURANCE            )        **[29 U.S.C. Section 1132]**
    COMPANY OF BOSTON; and            )
15  DOES 1 to 10, Inclusive,          )
                                       )
16              Defendants.            )
    _____)
17

18         Plaintiff, SHARON STEINER (hereinafter referred to as "Plaintiff"), complains

19  of Defendants LIBERTY LIFE ASSURANCE COMPANY OF BOSTON (hereinafter

20  referred to as "LIBERTY"), as follows:

21

22                     **JURISDICTION AND VENUE**

23         1.     This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337

24  and 29 U.S.C. §1132(a)(1), (e), (t), and (g), of the Employee Retirement Income

25  Security Act of 1974, 29 U.S.C. §1101 . et. seq. (hereafter "ERISA") as it involves a

26  claim by Plaintiff for disability benefits under an employee benefit plan regulated and

27  governed under ERISA. Jurisdiction is predicated under these code sections as well as

28  28 U.S.C. §1331 as this action involves a federal question.

                                          1

2.     The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice require it.

3.     The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4.     Plaintiff exhausted the appeal process on or about May 30, 2014, at which time she was informed that LIBERTY had denied Plaintiff's appeal of the denial of her long term disability benefits.

## GENERAL ALLEGATIONS

5.     Plaintiff is informed and believes and thereon alleges that the plan is an employee welfare benefit plan established and maintained by Plaintiff's employer, NBC UNIVERSAL MEDIA (hereinafter "NBC"), to provide its employees with group long term disability insurance, to pay a portion of a covered employee's income during a period of disability.

6.     Plaintiff is an individual citizen and resident of the State of California, Los Angeles County, residing within the Central District of the State of California.

7.     On information and belief, LIBERTY insures the plan and is contractually obligated to pay benefits for claims covered and approved through the plan.

## FACTUAL BACKGROUND

8.     At all times relevant hereto, Plaintiff, currently age 53,[1] was employed by NBC as an Executive Assistant.  Plaintiff worked for NBC from November 1996 until she became disabled on December 22, 2012.

9.     According to an employer job description, Plaintiff's job at NBC required that she had to sit for long periods of time, perform extensive computer keyboarding, and answering phones.

_____

[1]She was age 51 at the time she first became disabled.

2

10.     LIBERTY sent a physical job evaluation form to be completed by Plaintiff's employer which acknowledged that her job required continuous sitting and frequent keyboarding.

11.     Plaintiff first became disabled on December 22, 2012 due to a combination of medical conditions including rheumatoid arthritis, Fibromyalgia, chronic fatigue, carpel tunnel syndrome, and for a period of time for her left knee replacement.

12.     The NBC Universal Media LLC Group Disability plan under which Plaintiff was covered states:

> "'Disability' or 'Disabled' means:
>
> (i) that during the elimination period and the next 12 months of disability the covered person as a result of injury or sickness is unable to perform the material and substantive duties of his own occupation, and
>
> (ii) thereafter the Covered Person is unable to perform with reasonable continuity, the material and substantial duties of any occupation."

13.     Plaintiff was seen by numerous physicians and was diagnosed with the conditions stated in Paragraph 11.

14.     Dr. Taylor, the primary care physician who also is a rheumatologist, has clearly indicated that Plaintiff is unable to perform the duties of an executive assistant and is totally disabled due to refractory Fibromyalgia and rheumatoid arthritis.

15.     Plaintiff was certified by the State of California as being totally disabled and received benefits from December 22, 2012 to December 22, 2013.

16.     Plaintiff has received, shots, medications, and ongoing treatment for the above mentioned conditions and has been under the regular care of Dr. Taylor.

17.     Despite receiving substantial medical evidence supporting Plaintiff's claim for long term disability, LIBERTY denied her benefits on October 29, 2013

1    without ever conducting an independent physical examination, even though Plaintiff
2    suggested it after learning that her claim was denied.  In contending that Plaintiff was
3    not totally disabled, an original record review by LIBERTY took the position that there
4    was insufficient evidence to support the diagnosis of rheumatoid arthritis or
5    Fibromyalgia. The record review ignored records from Crescendo Bioscience showing
6    her rheumatoid arthritis as being high by an objective test known as Vectra and didn't
7    even mention these findings when sending the denial letter.  In addition, there are no
8    objective tests to diagnose Fibromyalgia and this has been confirmed by the U.S.
9    District Court in *Lavino v. MetLife*, 779 F.Supp 2d 1095 (CD2011).

10       18.    Later, LIBERTY acknowledged that Plaintiff has Fibromyalgia and
11   rheumatoid arthritis, but take a statement by Dr. Taylor out of context to imply that the
12   doctor did not believe that Plaintiff was totally disabled.

13       19.    After receiving the denial letter, Dr. Taylor submitted a letter explaining
14   her position and again states that Plaintiff was totally disabled.  She in fact
15   recommended a functional capacity evaluation which Plaintiff participated in and
16   which showed she was unable to work.

17       20.    Plaintiff submitted her appeal on March 17, 2014 which included Dr.
18   Taylor's recommendations that she undergo a Functional Capacity Evacuation (FCE),
19   Dr. Taylor's supplemental report, the FCE, numerous records and reports from various
20   medical facilities, including the Vectra test.[2]  The appeal also included entries from
21   LIBERTY's claims file and Plaintiff's list of medications.

22       21.    On May 30, 2014, Plaintiff's appeal was denied and all administrative
23   remedies have been exhausted.

24   ///
25   ///
26   ///
27
28

_____

[2]This was previously provided to LIBERTY, but never acknowledged.

4

## COUNT ONE

**For Damages and Benefits Against Defendant LIBERTY**

**(Pursuant to 29 U.S.C. Section 1132(a)(1))**

22.    Plaintiff repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

23.    In justifying their appeal, LIBERTY, without good cause, concluded that the FCE showed malingering and conveniently failed to discuss Dr. Levy's medical records and reports supporting total disability, but instead had a third medical review by a Dr. Lobel who again attempted to contact Dr. Taylor.  Dr. Taylor has been harassed by LIBERTY and despite having numerous previous contacts with LIBERTY, Dr. Lobel is trying to get Dr. Taylor to agree with LIBERTY's position.

24.    Plaintiff also objects to Dr. Lobel's record review as it brings up new material not discussed in the original denial and violates ERISA's requirements that the employee has the right to a full and fair appeal.

25.    The records will show that Plaintiff has submitted substantial medical evidence based on actual physical examinations, and functional evaluations and Defendants have relied simply on record reviews.

26.    Plaintiff contends that despite discretionary language in the plan, the standard of review is de novo based on Insurance Code Section 10110.6 (effective January 1, 2012), which states:

> "If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of

5

1    interpretation or review that are inconsistent with the laws

2    of this state, that provision is void and unenforceable."

3    27.    As a direct and proximate result of LIBERTY's wrongful denial of LTD

4    benefits, Plaintiff contends that LIBERTY has breached the contract by not paying

5    monthly benefits, payable at the rate of $3,145.00, less appropriate offsets, from June

6    22, 2013 to the present and continuing.

7    28.    As a further direct and proximate result of the denial of benefits, and due

8    to Defendant's unreasonable denial, Plaintiff had to engage the services of attorneys

9    to assist her in recovering benefits due her, under the terms of the LTD plan.

10   Accordingly, Plaintiff is further entitled to reasonable attorney's fees in an amount

11   according to proof pursuant to 29 U.S.C. Section 1132(g)(1).

12

13   **WHEREFORE,** Plaintiff demands judgment against Defendants, and each of

14   them, as follows:

15   <u>**COUNT ONE**</u>

16   1.    Damages for breach of contract pursuant to 29 U.S.C. Section

17   1132(a)(1)(B), for Long-Term Disability benefits payable at the rate of $3,145.00 per

18   month, less appropriate offsets, from June 22, 2013 to the present and continuing;

19   2.    Interest on said amounts in accordance with law;

20   3.    For reasonable attorney's fees and costs in a sum according to proof,

21   pursuant to 29 U.S.C. Section 1132(g)(1).

22   4.    For any further relief that the court deems reasonable and just.

23

24   DATED: June 2, 2014                     Respectfully submitted,

25                                           KINGSLEY & KINGSLEY, APC

26

27                                           By: _____
                                             GEORGE R. KINGSLEY
28                                           ATTORNEY FOR PLAINTIFF
                                             SHARON STEINER

6